IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CV-76-FL

| | |
|---|---|
| SHARRON MARIE GLOVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER and** |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| NORTH CAROLINA DEPARTMENT ) | |
| OF HEALTH AND HUMAN SERVICES ) | |
| DIVISION OF PUBLIC HEALTH NORTH ) | |
| CAROLINA VITAL RECORDS, ) | |
| ) | |
| Defendant. ) | |

This pro se case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2) (D.E. 1) by plaintiff Sharron Marie Glover ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively.

### ORDER ON *IN FORMA PAUPERIS* MOTION

The court finds that plaintiff has adequately demonstrated her inability to prepay the required court costs. Her motion to proceed *in forma pauperis* is therefore GRANTED.

### MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

**I.  BACKGROUND**

Plaintiff's complaint consists of a 4-page form (D.E. 1-1) completed in handwriting. It asserts allegations against defendant "NC Department of Health and Human Services Division of Public Health NC Vital Records" ("defendant") apparently arising out of defendant's purportedly

providing plaintiff with a copy of a birth certificate.[1]  (Compl. 2-3).  The relief she seeks apparently includes compensation for pain and suffering, denial of rights, humiliation, and bodily harm, and reimbursement for transportation expenses.  (*Id*. 4).

## II.     DISCUSSION

### A.     Applicable Legal Standards

The court must dismiss a case brought *in forma pauperis* if the court determines that the action is frivolous or malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992).  A complaint is frivolous "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court is not permitted to dismiss a claim as frivolous merely because the supporting allegations seem unlikely to have occurred.  *Denton*, 504 U.S. at 33.

Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32.  Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Neitzke*, 490 U.S. at 327.  Such baseless claims include those that describe "fantastic or delusional scenarios."  *Id*. at 328.  Provided that plaintiff's claims are not clearly baseless, the court must weigh plaintiff's factual allegations in his favor in its frivolity analysis.  *Denton*, 504 U.S. at 32.  The court must read the

---

[1] Plaintiff has filed ten other cases in this court.  (Cases Nos. 5:12-CV-58-D, 5:12-CV-59-FL, 5:12-CV-125-H, 5:12-CV-221-D, 5:12-CV-363-D, 5:12-CV-364-F, 5:12-CV-365-H, 5:12-CV-366-F, 5:13-CV-76-FL, 5:13-CV-177-BO).  One of these cases was dismissed as frivolous, two were transferred to the Middle District of North Carolina, and the remaining seven, including the instant case, were referred to the undersigned for decision on *in forma pauperis* motions and for frivolity reviews.  In one of the cases now pending before the undersigned, plaintiff has filed a proposed complaint that is essentially identical to the complaint being reviewed herein.  (*See* Case No. 5:12-CV-221-D).  An order and memorandum and recommendation ("M&R") on this other case will be entered contemporaneously with the instant order and M&R.

complaint carefully to determine if plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

Under Fed. R. Civ. P. 8, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). However, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)); *see also Todd v. Geneva Convention*, No. 3:08-660-MBS, 2008 WL 1339835, at *6 (D.S.C. 9 Apr. 2008) (holding in review for frivolousness that plaintiff must offer more detail than simply listing conclusory legal terms in order to support a claim).

B.   **Failure of Plaintiff's Complaint to State a Claim**

The court finds plaintiff's statement of her claims to be wholly insufficient to satisfy the pleading requirements of Fed. R. Civ. P. 8. It is rambling and disjointed. For example, she alleges:

> The criminal (acts) complained of in this civil suit concerns [sic] discrimination of illegal and wrongful unconstitutional procedure undue process illegal and wrongful forced amended documents cruel and unusual punishment. Overchargement of a birth certificate falsified documents libelism slanderism . . . . Illegal and wrongful birth certificate transferred to my name (given) (by mother). By national government. Name was never my name. Documents falsified by national state government. . . . Forced documentation sealed illegal wrongful 54 dollar act of crime misrepresentation falsified by US/national state government my name was never Sharon Marie Glover. My name Sharron Marie Glover . . . . History not even name of male person to be connected to my family name.

(Compl. 2-3) (standard capitalization substituted; punctuation original). As indicated, these allegations suggest that plaintiff was provided with a copy of a birth certificate that either

contained incorrect information about her, *e.g.*, her name spelled with one "r" instead of two, or that defendant affirmativly falsified the document for some unspecified purpose. But no specifics are provided regarding this alleged misconduct. Nor is the legal basis for her claims discernable.

The court concludes that plaintiff's complaint fails to state a claim upon which relief may be granted. Accordingly, it will be recommended that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**III. CONCLUSION**

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED.

The Clerk shall send copies of this Memorandum and Recommendation to plaintiff, who shall have until 4 April 2013, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 21st day of March 2013.

_____
James E. Gates
United States Magistrate Judge